UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MINIMS APOTHECARY, LLC dba
BANETH'S PHARMACY,

    Plaintiff,

  v.

INFORMEDRX, INC.

    Defendant.

No. C 11-6612 PJH

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS IN PART AND DENYING IT IN PART**

Plaintiff's motion to dismiss defendant's counterclaim came on for hearing before this court on March 14, 2012. Plaintiff Minims Apothecary, LLC dba Baneth's Pharmacy ("Baneth") appeared through its counsel, Jessica Madrigal. Defendant InformedRx, Inc. ("InformedRx) appeared through its counsel, Philip F. Atkins-Pattenson. Having read the parties' papers and carefully considered both parties' oral arguments and the relevant legal authority, the court hereby GRANTS Baneth's motion in part and DENIES it in part, for the reasons stated at the hearing, and summarized as follows.

1. To the extent Baneth asserts that InformedRx's conversion claim fails to demonstrate that Baneth engaged in wrongful conduct or disposed of InformedRx's money, the court recognizes that in California, "action[s] for conversion of money *typically* involve those who have misappropriated, commingled, or misapplied specific funds held for the benefits of others." PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 396 (2007) (emphasis added). Although InformedRx does not allege that Baneth misappropriated, commingled, or misapplied funds held for the benefits of others, the factual allegations in the instant case are distinguishable from the typical action for conversion of money. The court is not prepared, at this time, to find that Baneth's

1 failure to return the Mistaken Payments does not constitute the kind of wrongful conduct that could support a conversion claim.

Accordingly, the court DENIES Baneth's motion to dismiss InformedRx's conversion claim.

2. As for InformedRx's unjust enrichment claim, California does not recognize such a cause of action. <u>Foster Poultry Farms. v. Alkar-Rapidpak-MP Equipment, Inc.</u>, 2011 WL 2414567 at *6 (E.D. Cal. 2011); <u>Melchior v. New Line Prods., Inc.</u>, 106 Cal. App. 4th 779, 793 (2003); <u>McKell v. Washington Mutual, Inc.</u>, 142 Cal. App. 4th 1457, 1490 (2006); <u>Jogani v. Superior Court</u>, 165 Cal. App. 4th 901, 911 (2008). Unjust enrichment is "not a cause of action . . . or even a remedy, but rather a principle, underlying various legal doctrines and remedies. It is synonymous with restitution." <u>Foster Poultry Farms</u>, 2011 WL 2414567 at *6; <u>McBride</u>, 123 Cal. App. 4th at 387 (internal quotation marks and citations omitted); <u>Clear Channel Outdoor, Inc. v. Bentley Holdings California, L.P.</u>, 2011 WL 6099394 at *9 (N.D. Cal. 2011).

Accordingly, the court GRANTS Baneth's motion to dismiss InformedRx's unjust enrichment claim.

**IT IS SO ORDERED.**

Dated: March 26, 2012

PHYLLIS J. HAMILTON
United States District Judge

2